American Home Mtge. Servicing, Inc. v Carnegie (2020 NY Slip Op 01590)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

American Home Mtge. Servicing, Inc. v Carnegie

2020 NY Slip Op 01590

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-03091 
2017-11955
(Index No. 936/11)

[*1]American Home Mortgage Servicing, Inc., appellant,
vAngela P. Carnegie, etc., respondent, et al., defendants.

RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Linda Christopher, J.), dated December 21, 2016, and (2) an order of the same court (David S. Zuckerman, J.) dated September 12, 2017. The order dated December 21, 2016, insofar as appealed from, upon reargument, vacated a prior order of the same court (Margaret Garvey, J.) dated June 27, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, and thereupon denied the plaintiff's motion. The order dated September 12, 2017, insofar as appealed from, denied the plaintiff's motion, in effect, for leave to renew its opposition to the reargument motion of the defendant Angela P. Carnegie.
ORDERED that the orders dated December 21, 2016, and September 12, 2017, are affirmed insofar as appealed from, with one bill of costs.
In February 2011, the plaintiff commenced this action against, among others, the defendant Angela P. Carnegie (hereinafter the defendant) to foreclose a mortgage on certain property located in Rockland County. The plaintiff alleged that, in March 2007, the defendant executed a note in favor of the plaintiff's predecessor in interest and delivered a mortgage to secure payment of the note. The plaintiff also alleged that, as of January 1, 2008, the defendant defaulted on the mortgage. Thereafter, the defendant filed an answer asserting various affirmative defenses, including lack of standing.
As is relevant to these appeals, the plaintiff moved in May 2016, inter alia, for summary judgment on the complaint (hereinafter the May 2016 motion). By order dated June 27, 2016 (hereinafter the June 2016 order), the Supreme Court granted the plaintiff's May 2016 motion. Thereafter, the defendant moved for leave to reargue her opposition to the plaintiff's May 2016 motion. In an order dated December 21, 2016 (hereinafter the December 2016 order), the court granted leave to reargue and, upon reargument, among other things, vacated the June 2016 order and denied the plaintiff's May 2016 motion, determining that the plaintiff had failed to establish its standing to commence the action.
The plaintiff thereafter moved, in effect, for leave to renew its opposition to the defendant's reargument motion. In an order dated September 12, 2017 (hereinafter the September 2017 order), the Supreme Court denied the plaintiff's motion. The plaintiff appeals from the [*2]December 2016 order and the September 2017 order.
We agree with the Supreme Court's determination, upon reargument, that the plaintiff failed to establish, prima facie, that it had standing, as the plaintiff's asserted basis in its May 2016 motion—that standing was established through an affidavit of an employee of the plaintiff's current loan sub-servicer—is without merit (see Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see also US Bank N.A. v Hunte, 176 AD3d 894, 896). The affidavit failed to lay the requisite foundation under the business records exception to the hearsay rule to support the admissibility of the records relied upon by the affiant for her assertion that the note was transferred to the plaintiff's custodian prior to the commencement of the action and remained in the possession of the plaintiff's custodian at the time of commencement (see US Bank N.A. v Hunte, 176 AD3d at 896; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651-652). Moreover, the affiant's assertions as to the contents of the records were inadmissible without the submission of the records themselves (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
We also agree with the Supreme Court's determination to deny the plaintiff's motion, in effect, for leave to renew its opposition to the defendant's reargument motion, as the plaintiff failed to demonstrate its entitlement to renewal (see CPLR 2221[e][2]; US Bank N.A. v Lawson, 170 AD3d 1068, 1070; Kajo v E.W. Howell Co., Inc., 120 AD3d 1195, 1195). The plaintiff's only asserted basis for renewal—that a change in the law had occurred after its May 2016 motion that would change the prior determination—is without merit (see CPLR 2221[e][2]; US Bank N.A. v Lawson, 170 AD3d at 1070; Kajo v E.W. Howell Co., Inc., 120 AD3d at 1195). The plaintiff erroneously contends that, in August 2016, in JPMorgan Chase Bank, N.A. v Weinberger (142 AD3d 643), this Court changed the law as to how a plaintiff may establish its standing by clarifying that attaching a copy of the note at issue, endorsed in blank, to the complaint obviates the need for a plaintiff to explain how it came into possession of the note. In fact, in April 2015—approximately one year before the plaintiff filed its May 2016 motion for summary judgment—this Court issued its decision in Nationstar Mtge., LLC v Catizone (127 AD3d 1151), which held that a plaintiff may establish its standing by attaching a copy of the note at issue to the complaint. Likewise, Emigrant Bank v Larizza (129 AD3d 904 [June 2015]) and Deutsche Bank Natl. Trust Co. v Leigh (137 AD3d 841 [March 2016]), both of which set forth that same proposition of law, also were decided by this Court before the plaintiff filed its May 2016 motion.
Accordingly, we affirm the December 2016 order and the September 2017 order insofar as appealed from.
SCHEINKMAN, P.J., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court