Deutsche Bank Natl. Trust Co. v Dennis (2020 NY Slip Op 02039)





Deutsche Bank Natl. Trust Co. v Dennis


2020 NY Slip Op 02039


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-10408
 (Index No. 30405/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Paulette Angela Dennis, etc., appellant, et al., defendant.


Harvey Sorid, Uniondale, NY, for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo and David A. Smetana of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paulette Angela Dennis appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 23, 2016. The order, insofar as appealed from, (1) upon renewal, in effect, vacated a prior determination in an order of the same court entered April 1, 2014, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Paulette Angela Dennis, to strike that defendant's answer, and for an order of reference, and, thereupon, granted those branches of the plaintiff's prior motion, (2) denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her, and (3) referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order entered August 23, 2016, is modified, on the law, (1) by deleting the provision thereof, upon renewal, in effect, vacating the prior determination in the order entered April 1, 2014, denying those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Paulette Angela Dennis, to strike that defendant's answer, and for an order of reference, and, thereupon, granting those branches of the plaintiff's prior motion, and substituting therefor a provision, upon renewal, adhering to the prior determination in the order entered April 1, 2014, and (2) by deleting the provision thereof referring the matter to a referee to compute the amount due to the plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Paulette Angela Dennis.
In December 2010, the plaintiff commenced this action to foreclose a mortgage given by the defendant Paulette Angela Dennis (hereinafter the defendant) to secure a loan in the amount of $500,000. The defendant answered the complaint and raised various affirmative defenses, including lack of standing, failure to comply with RPAPL 1304, and failure to comply with a condition precedent set forth in the subject mortgage agreement requiring that the plaintiff provide the defendant with a notice of default prior to accelerating the loan. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order entered April 1, 2014, the Supreme Court denied the motion, concluding that the plaintiff had not established, prima facie, its standing.
Thereafter, the plaintiff moved for leave to renew its prior motion, and the defendant [*2]cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In an order entered August 23, 2016, the Supreme Court granted leave to renew. Upon renewal, the court, inter alia, granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The court also denied the defendant's cross motion. The defendant appeals.
The Supreme Court, upon renewal, should have adhered to its prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The evidence submitted by the plaintiff failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304, that it complied with the condition precedent in paragraph 22 of the mortgage agreement, or that it had standing to commence this foreclosure action.
RPAPL 1304 provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to submit an affidavit of mailing or proof of mailing by the United States Postal Service evidencing that it properly mailed notice to the defendant pursuant to RPAPL 1304. Instead, the plaintiff relied on an affidavit of Rashad Blanchard, who was employed as a loan analyst by the parent company of the plaintiff's loan servicer, and copies of the purported notices. The plaintiff submitted only one letter that purported to constitute the statutorily required 90-day notice of default, dated December 22, 2008. Although the letter contained the statement "sent via certified mail," with a 20-digit number below it, no receipt or corresponding document issued by the United States Postal Service was submitted proving that the letter was actually sent by certified mail more than 90 days prior to commencement of the action. The plaintiff also failed to submit any documentary evidence that notice was sent by first-class mail. Further, Blanchard did not aver that the notice was sent in the manner required pursuant to RPAPL 1304, i.e., by certified mail and first-class mail. Moreover, since he did not aver that he personally mailed the notice, or that he was familiar with the mailing practices and procedures of American Home Mortgage Servicing, Inc., the entity that purportedly sent the notices, he did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242; U.S. Bank N.A. v Henderson, 163 AD3d 601, 603; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 738).
Since the plaintiff failed to provide evidence of the actual mailing by either certified mail or first-class mail, "or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure . . . the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [citations and internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518; U.S. Bank N.A. v Cope, 175 AD3d 527). For the same reasons, Blanchard's affidavit, together with a copy of the purported 30-[*3]day notice required by the terms of the mortgage agreement, also "failed to establish that the required notice was mailed to the defendant by first-class mail or actually delivered to her notice address' if sent by other means, as required by the . . . mortgage [agreement]" (LNV Corp. v Sofer, 171 AD3d 1033, 1037; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1518; Emigrant Bank v Myers, 147 AD3d 1027, 1028).
In an action to foreclose a mortgage, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870; Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992).
Here, the plaintiff failed to establish, prima facie, that it had standing (see US Bank N.A. v Hunte, 176 AD3d 894; U.S. Bank N.A. v Haber, 170 AD3d 775, 776). Although the plaintiff submitted copies of an assignment of mortgage dated May 15, 2009, and a "correction assignment of mortgage" dated August 5, 2010, the plaintiff presently relies solely on its purported physical possession of the original note at the time the foreclosure action was commenced. As proof of its status as a holder of the note at that time, the plaintiff relies upon a copy of the note and the affidavit of Ronaldo Reyes, a vice president of the plaintiff, who stated that "[a]ccording to [the plaintiff's] business records, [the plaintiff] received the original note . . . for the Subject Loan on or about September 5, 2006."
"There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1516; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 826). Reyes's affidavit failed to establish a sufficient foundation for the admission of a business record pursuant to CPLR 4518(a) because, although he recited that the records upon which he relied were "regularly maintained by [the plaintiff] in the ordinary course of its business," he "did not indicate that they were made by their author (or authors, whoever they might be) pursuant to an established procedure for the routine, habitual, systematic making of records that would qualify them as trustworthy accounts," or that they "were the records regularly relied on in the business" (People v Kennedy, 68 NY2d 569, 580). Reyes also failed to indicate "that the record [was] made at or about the time of the event being recorded—essentially, that recollection [was] fairly accurate and the habit or routine of making the entries assured" (id. at 580; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205).
Moreover, "[a]lthough [t]he foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business' (Jerome Prince, Richardson on Evidence § 8-306 [Farrell 11th ed 1995]), it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205, citing Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633; 35 Carmody-Wait 2d § 194:94 [2019]). "Accordingly, [e]vidence of the contents of business records is admissible only where the records themselves are introduced" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205-206, quoting 35 Carmody-Wait 2d § 194:94; see People v Barnes, 177 AD2d 989). Thus, to the extent that Reyes's purported knowledge of the date the plaintiff received the original note was based upon his review of unidentified business records maintained by the plaintiff, "[his] affidavit constituted inadmissible hearsay and lacked probative value" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-[*4]209; see Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 943). Contrary to the plaintiff's contention, the note itself, with its undated endorsement in blank, did not establish its physical delivery on September 5, 2006, or on any other date prior to commencement of the action (see Wells Fargo Bank, NA v Burke, 125 AD3d 765, 767). Since the plaintiff does not base its claim of standing on an assignment of the note, but on its purported physical possession thereof, the parties' arguments as to the validity of the assignment of mortgage and the correction assignment of mortgage are irrelevant (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
However, we agree with the Supreme Court's determination to deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. On a cross motion for summary judgment dismissing the complaint based upon the plaintiff's alleged lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (id. at 60; see Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 923, 926; U.S. Bank N.A. v Guy, 125 AD3d 845, 847).
Here, the defendant pointed to gaps in the plaintiff's case and failed to meet her burden of establishing, prima facie, the plaintiff's lack of standing as a matter of law (see Cenlar FSB v Lanzbom, 168 AD3d 670, 671; Deutsche Bank Natl. Trust Co. v Homar, 163 AD3d 522, 524). The affidavit of Danielle Sterling, made as a third-party defendant in a different action, in which she denied having ever signed the endorsements stamped on notes and documents submitted by the plaintiff mortgagee in that action, notwithstanding the appearance of her alleged signatures on the endorsements, at most merely raised a triable issue of fact as to the authenticity of her signature on the endorsement stamped on the subject note in this action.
We also agree with the Supreme Court's determination that the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against her based upon the plaintiff's failure to comply with RPAPL 1304 or the notice requirements set forth in paragraph 22 of the mortgage agreement. As the defendant contends, the plaintiff failed to submit admissible evidence sufficient to give rise to the presumption of receipt (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1518; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793). However, "[e]ven in the face of a plaintiff's failure to establish, prima facie, that a notice was properly mailed on a motion for summary judgment on the complaint . . . a defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that the condition precedent was not fulfilled" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24; see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 792; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 881). "[A] party cannot succeed on a motion for summary judgment by simply pointing out gaps in the opposing party's case" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24).
Here, the defendant failed to provide particulars supporting her claim that the plaintiff never mailed the RPAPL 1304 notice to her last known address or the notice required by paragraph 22 of the mortgage, for example, to confirm that she still lived at the address shown on the notice on the date it was purportedly mailed, that she had been receiving other mail at that address, and that she was never contacted by the United States Post Office about mail for which she was required to sign (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24). The defendant did not even submit an affidavit in which she denied receipt of the notices. The plaintiff alleged in the complaint that it complied with the provision of RPAPL 1304 and the relevant terms of the mortgage agreement. "Having failed to submit evidence which disproved this allegation, the [defendant] failed to satisfy her initial burden on this branch of her cross motion" (Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court