JPMorgan Chase Bank, N.A. v Tumelty (2020 NY Slip Op 06766)





JPMorgan Chase Bank, N.A. v Tumelty


2020 NY Slip Op 06766


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-04986
 (Index No. 19016/12)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Miriam Tumelty, appellant, et al., defendants.


John P. Tumelty & Associates, P.C., New York, NY (John Tumelty of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York, NY (Omar Shakoor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Miriam Tumelty appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered February 7, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Miriam Tumelty, to strike that defendant's affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Miriam Tumelty, striking that defendant's affirmative defenses alleging lack of standing, and to appoint a referee to compute the amount due to the plaintiff, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Miriam Tumelty.
The plaintiff commenced this action against, among others, the defendant Miriam Tumelty (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Rockaway Park. The defendant interposed an answer in which she asserted various affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's
affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff. By order entered February 7, 2018, the Supreme Court granted those branches of the plaintiff's motion. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where, as here, the issue of standing is raised by a defendant, a plaintiff must also establish its standing as part of its prima facie case (see Nationstar Mtge., LLC v Medley, 168 AD3d 959, 960; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., [*2]LLC v Medley, 168 AD3d at 960).
The plaintiff asserts that it was in physical possession of the note at the time it commenced this action. The note was not attached to the complaint. In support of its motion, the plaintiff relied upon the affidavit of Evan L. Grageda, an employee of the plaintiff. Grageda averred that, based on his review of the plaintiff's records, the plaintiff took possession of the note on or about July 20, 2009, and that the plaintiff was in possession of the note when the action was commenced on September 13, 2012. There were no business records attached to the affidavit which demonstrate that the plaintiff took possession of the note on that date.
We agree with the defendant that the affidavit submitted by the plaintiff lacked a sufficient evidentiary basis to demonstrate that the plaintiff possessed the note when it commenced this action. Grageda's averments relating to the date that the plaintiff possessed the note are inadmissible hearsay and lack probative value because they are based on unidentified records which were not included with his affidavit (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688; American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Since the plaintiff failed to meet its initial burden as the movant, the Supreme Court should have denied those branches of plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, the Supreme Court should not have struck the defendant's affirmative defenses which address or are related to the plaintiff's standing to commence this action. We agree, however, with the court's determination to strike the defendant's remaining affirmative defenses.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court