Wells Fargo Bank, N.A. v Kourbage (2020 NY Slip Op 07122)





Wells Fargo Bank, N.A. v Kourbage


2020 NY Slip Op 07122


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-14830 
2018-14831
 (Index No. 32512/13)

[*1]Wells Fargo Bank, N.A., respondent,
v
Gail S. Kourbage, appellant, et al., defendants.


Allison M. Kourbage, P.C., Melville, NY, for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Brenda Beauchamp Ward and Andrew Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gail S. Kourbage appeals from (1) an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated October 15, 2018, and (2) an order of the same court, also dated October 15, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant Gail S. Kourbage, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gail S. Kourbage, to strike her answer, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the first order is affirmed insofar as appealed from, without costs or disbursements, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gail S. Kourbage, to strike her answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gail S. Kourbage, to strike her answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed, without costs or disbursements.
In this mortgage foreclosure action, the plaintiff established, prima facie, that it had standing to commence the action. However, for reasons stated in Deutsche Bank Natl. Trust Co. v Dennis (181 AD3d 864, 866-867), Federal Natl. Mtge. Assn. v Davis (180 AD3d 1004, 1005), and Wells Fargo Bank, N.A. v Taylor (170 AD3d 921, 922-923), the plaintiff failed to establish its strict compliance with RPAPL 1304. Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant Gail S. Kourbage (hereinafter the defendant), to strike the defendant's answer, and for an order of reference should have been denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We agree, however, with the Supreme Court's denial of the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. The defendant failed to demonstrate, prima facie, that the complaint should be dismissed based upon the plaintiff's failure to comply with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 870-871; Federal Natl. Mtge. Assn. v Davis, 180 AD3d at 1005).
Accordingly, although we agree with the Supreme Court's determination to deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her, the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court