Deutsche Bank Natl. Trust Co. v Higgs (2020 NY Slip Op 07864)





Deutsche Bank Natl. Trust Co. v Higgs


2020 NY Slip Op 07864


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-01893 
2019-01896
 (Index No. 8850/13)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Jeaun Steele Higgs, et al., appellants, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellants.
Greenberg Traurig, LLP., New York, NY (Marissa Banez of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jeaun Steele Higgs and Alliston Higgs appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 7, 2018, and (2) a judgment of foreclosure and sale of the same court also entered June 7, 2018. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon an order of the same court entered November 16, 2016, inter alia, granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants Jeaun Steele Higgs and Alliston Higgs, for summary judgment dismissing those defendants' affirmative defenses, and for an order of reference, and upon the order entered June 7, 2018, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order entered June 7, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants Jeaun Steele Higgs and Alliston Higgs, for summary judgment dismissing those defendants' affirmative defenses, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for an judgment of foreclosure and sale is denied, and the orders entered November 16, 2016, and June 7, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Jeaun Steele Higgs and Alliston Higgs.
The appeal from the order entered June 7, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order entered June 7, 2018, are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]). Additionally, the appeal from the judgment of foreclosure and sale brings up for review an order entered November 16, 2016, which, [*2]inter alia, granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants Jeaun Steele Higgs and Alliston Higgs (hereinafter together the defendants), for summary judgment dismissing the defendants' affirmative defenses, and for an order of reference (see CPLR 5501[a][1]; Homecomings Fin., LLC v Guldi, 108 AD3d 506, 507).
In support of the plaintiff's cross motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, the plaintiff failed to establish, prima facie, that it had standing to commence the action (see HSBC Bank USA, N.A. v Williams, 177 AD3d 950, 953). The plaintiff also failed to establish, prima facie, that it complied with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its cross motion which were for summary judgment on the complaint insofar as asserted against the defendants, for summary judgment dismissing the defendants' affirmative defenses, and for an order of reference should have been denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court