Wells Fargo Bank, NA v Oziel (2021 NY Slip Op 04388)





Wells Fargo Bank, NA v Oziel


2021 NY Slip Op 04388


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2017-12684
2019-00509
 (Index No. 12412/09)

[*1]Wells Fargo Bank, NA, etc., respondent,
v
Christine Oziel, et al., appellants, et al., defendants.


Michael J. Oziel, Syosset, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Christine Oziel and Robert I. Oziel appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 12, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered October 15, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to restore the case to the active calendar, for summary judgment on the complaint insofar as asserted against the defendants Christine Oziel and Robert I. Oziel, to strike those defendants' answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the order entered September 12, 2017, inter alia, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated February 10, 2020, inter alia, the parties to the appeal from the order were directed to show cause why an order should or should not be made and entered dismissing the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion dated September 18, 2020, this Court, among other things, held the motion in abeyance and referred the motion to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, and those branches of the plaintiff's motion which were for summary judgment on the [*2]complaint insofar as asserted against the defendants Christine Oziel and Robert I. Oziel, to strike those defendants' answer, and for an order of reference are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Christine Oziel and Robert I. Oziel.
The appeal from the order entered September 12, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On June 25, 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Christine Oziel and Robert I. Oziel (hereinafter together the defendants). In December 2016, the plaintiff moved, inter alia, to restore the case to the active calendar, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion. In an order entered September 12, 2017, the Supreme Court granted the motion and appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered October 15, 2018, the court, among other things, granted the plaintiff's motion to confirm the referee's report and directed the sale of the property. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was to restore the matter to the active calendar. Where, as here, the case was marked inactive before a note of issue had been filed, there was no 90-day notice pursuant to CPLR 3216, and there was no order dismissing the complaint pursuant to 22 NYCRR 202.27 for failure to appear at a compliance conference, "restoring a case marked 'inactive' is automatic" (Andre v Bonetto Realty Corp., 32 AD3d 973, 975). Under these circumstances, a motion to restore the action to the active calendar should be granted "without considering whether the plaintiff had a reasonable excuse for the delay or whether [it] engaged in dilatory conduct" (Reed v Cornell Univ., 101 AD3d 840, 842; see Matter of Transtechnology Corp. v Assessor, 71 AD3d 1034, 1036-1037; Andre v Bonetto Realty Corp., 32 AD3d at 975). The remedy available to the defendants for the purported delay by the plaintiff at this juncture, where the case was "pending in a pre-note status," was to serve a 90-day demand pursuant to CPLR 3216 (Andre v Bonetto Realty Corp., 32 AD3d at 975). Since the defendants made no such motion or cross motion, there was no basis for the court to deny that branch of the plaintiff's motion which was to restore the matter to the active calendar.
However, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Where, as here, the plaintiff's standing has been raised by a defendant in a mortgage foreclosure action (see RPAPL 1302-a; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 48-49), the plaintiff must prove, by tender of evidence in admissible form, its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 868; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872). In support of its motion, the plaintiff submitted an affidavit of possession from Nichole Renee Williams, an employee of its loan servicer, who averred, inter alia, that, based upon her review of business records purportedly attached to the motion papers, the plaintiff was in physical possession of the note on the date of commencement of the action. However, the plaintiff failed to identify and produce those business records referred to by Williams in her affidavit. "[E]vidence of the contents of business records is admissible only where the records themselves are introduced" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206 [internal quotation marks omitted]). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (id. at 205). Since Williams' purported knowledge of the date that the plaintiff received the original note was based upon her review of unidentified and unproduced business records, her affidavit constituted inadmissible hearsay and lacked probative value (see JP Morgan Chase Bank, N.A. v Tumelty, 188 AD3d 1022, 1022; Deutsche Bank Natl. [*3]Trust Co. v Dennis, 181 AD3d 864, 869; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688; American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632). Accordingly, the court should have denied those branches of the plaintiff's motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendants' contention, Robert I. Oziel was properly included as a defendant in this action. Although only one defendant, Christine Oziel, executed the note and is identified as a borrower on the note, both defendants executed the mortgage and are collectively defined in the mortgage as the borrower and, under that definition as borrower, agreed to pay the amounts due under the note (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 664-665). Under these facts, the record is sufficient to establish that Robert I. Oziel was a borrower within the meaning of the mortgage (see id. at 664-665), and both defendants are liable for repayment of the mortgage loan.
The defendants' contention that the plaintiff failed to participate in "good faith negotiations" as required under CPLR Section 3408 is without merit. To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408(f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (Citimortgage, Inc. v Rockefeller, 155 AD3d 998, 999 [internal quotation marks omitted]). Here, the totality of the circumstances, including the defendants' own unexplained failure to appear at the second settlement conference, did not demonstrate a failure to negotiate in good faith by the plaintiff (see id. at 999; cf. U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1092; Deutsche Bank Natl. Trust Co. v Varelis, 151 AD3d 934, 935; Aurora Loan Servs., LLC v Diakite, 148 AD3d 662, 663-664).
The defendants' remaining contention is without merit.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court