Freedom Mtge. Corp. v Engel (2021 NY Slip Op 05694)





Freedom Mtge. Corp. v Engel


2021 NY Slip Op 05694


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-02581
 (Index No. 1139/15)

[*1]Freedom Mortgage Corporation, respondent,
v
Herschel Engel, appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Cohn & Roth, Mineola, NY (Michael C. Nayar of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Herschel Engel appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated November 12, 2015. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and to appoint a referee. In a decision and order dated July 11, 2018, this Court reversed the order insofar as appealed from, granted the motion of the defendant Herschel Engel for summary judgment dismissing the complaint insofar as asserted against him, and denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Herschel Engel, to strike his answer and affirmative defenses, and to appoint a referee (see Freedom Mtge. Corp. v Engel, 163 AD3d 631). On February 18, 2021, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of issues raised but not determined on the appeal to this Court (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). Justice Austin has been substituted for former Justice Maltese (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Herschel Engel, to strike his answer and affirmative defenses, and to appoint a referee, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In May 2005, Herschel Engel (hereinafter the defendant) borrowed the sum of $225,000 from Fairmont Funding, Ltd. (hereinafter Fairmont). The loan was memorialized by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Fairmont. On July 22, 2005, the defendant executed an extension and modification agreement and a consolidated note, which created a new loan with a total unpaid principal balance of $224,806. The defendant allegedly defaulted on the loan by failing to make the payment due on March 1, 2008.
On February 19, 2015, the plaintiff commenced this action to foreclose the mortgage. The defendant joined issue by serving an answer with various affirmative defenses, including that [*2]the action was barred by the statute of limitations, lack of standing, and lack of compliance with section 22 of the mortgage, which required the plaintiff to give notice of default prior to demanding payment in full. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and to appoint a referee. In an order dated November 12, 2015, the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appealed. In a decision and order dated July 11, 2018, this Court reversed the order insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, and denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and to appoint a referee (see Freedom Mtge. Corp. v Engel, 163 AD3d 631).
The Court of Appeals reversed the decision and order of this Court on the statute of limitations issue and remitted the matter to this Court for consideration of issues raised but not determined on the appeal to this Court (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). In this regard, because this Court had previously determined that the action was time-barred, it never considered the defendant's contentions, inter alia, that the plaintiff was not entitled to summary judgment on the complaint because the plaintiff failed to establish, prima facie, (1) that it had standing to commence the action, and (2) that it complied with the notice of default provision in section 22 of the mortgage.
Where, as here, the plaintiff's standing has been raised by a defendant in a mortgage foreclosure action, the plaintiff must prove, by tender of evidence in admissible form, its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 868; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872). In support of its cross motion, the plaintiff submitted an affidavit of Shanna Simmons, an employee of its loan servicer, who averred that, based upon her review of the loan servicer's records, the plaintiff was in physical possession of the note, endorsed in blank, on the date the action was commenced. However, Simmons failed to identify and produce the business records that she relied upon. "[E]vidence of the contents of business records is admissible only where the records themselves are introduced" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206 [internal quotation marks omitted]). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (id. at 205). Since Simmons's knowledge was derived solely from her review of unidentified and unproduced business records, her affidavit, without submission of those business records, constituted inadmissible hearsay and lacked probative value (see Wells Fargo Bank, NA v Oziel, 196 AD3d 618; JP Morgan Chase Bank, N.A. v Tumelty, 188 AD3d 1022, 1022; Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 869; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688; American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632).
Moreover, the unsworn allegations of fact contained in counsel's memorandum of law regarding counsel's physical possession of a note, either the original note or the original consolidated note, are, likewise, without probative value (see Byrd v Roneker, 90 AD3d 1648, 1649; Zawatski v Cheektowaga -Maryvale Union Free School Dist., 261 AD2d 860). Accordingly, the plaintiff failed to meet its prima facie burden of establishing its standing to commence this action.
The plaintiff also failed to meet its burden of establishing, prima facie, its compliance with the notice of default provision in section 22 of the mortgage through its submission of Simmons's affidavit, along with copies of notices of default. Again, Simmons's statements in her affidavit regarding the mailing of the notices were derived from unproduced business records and, therefore, were inadmissible hearsay and without probative value (see HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966, 967).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and to appoint a referee, regardless of the [*3]sufficiency of the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court