HSBC Bank USA, N.A. v Garnes (2020 NY Slip Op 05189)





HSBC Bank USA, N.A. v Garnes


2020 NY Slip Op 05189


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-13569
 (Index No. 23235/11)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Eric Garnes, etc., appellant, et al., defendants.


Balisok & Kaufman, PLLC, Brooklyn, NY (Jesse L. Kaufman of counsel), for appellant.
McGlinchey Stafford, New York, NY (Victor L. Matthews of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eric Garnes appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 24, 2018. The order granted the plaintiff's motion, inter alia, to vacate a conditional order of dismissal of the same court dated March 2, 2017, and to restore the action to the active calendar.
ORDERED that the order dated September 24, 2018, is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage in October 2011. On March 2, 2017, the Supreme Court issued a conditional order of dismissal, dismissing the action pursuant to CPLR 3216 and directing the County Clerk to cancel the notice of pendency "unless [the] plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof." The plaintiff failed to comply with the order, and the action was administratively dismissed thereafter without further notice to the parties.
In April 2018, the plaintiff moved, inter alia, to vacate the conditional order of dismissal and to restore the action to the active calendar. In an order dated September 24, 2018, the Supreme Court granted the plaintiff's motion. The defendant Eric Garnes appeals.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749 [internal quotation marks omitted]; see CPLR 3216). Pursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Nationwide Capital Group, Inc. v Weiss, 170 AD3d 870).
While a conditional order of dismissal may have "the same effect as a valid 90-day notice pursuant to CPLR 3216" (U.S. Bank N.A. v Spence, 175 AD3d 1346, 1348 [internal quotation marks omitted]), the conditional order here was defective in that it did not state that the plaintiff's failure to comply with the notice "will serve as a basis for a motion" by the court to dismiss the action for failure to prosecute (CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021). Additionally, it appears that the complaint was administratively dismissed, without a motion, and without the entry of any formal order by the Supreme Court dismissing the complaint (see Cadichon v Facelle, 18 NY3d at 235-236; U.S. Bank N.A. v Spence, 175 AD3d at 1348).
The parties' remaining contentions either are without merit or need not be reached in view of our determination.
Accordingly, we affirm the order appealed from.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court