U.S. Bank N.A. v Salem (2021 NY Slip Op 01083)





U.S. Bank N.A. v Salem


2021 NY Slip Op 01083


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-00540
 (Index No. 5220/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Sion Salem, et al., defendants.


Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Colin E. Kaufman, and Israel Katz of counsel), for appellant.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated November 29, 2018. The order denied the plaintiff's unopposed motion to restore the action to the active calendar.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion to restore the action to the active calendar is granted.
This action apparently was administratively dismissed after the plaintiff failed to appear at a calendar call pursuant to a Notice of Administrative Dismissal issued in April 2017. The plaintiff moved, without opposition, to restore the action to the active calendar. The Supreme Court denied the motion. The plaintiff appeals. We reverse.
As the plaintiff correctly contends, this action was never formally dismissed, as the marking-off procedures of CPLR 3404 do not apply to pre-note of issue actions such as this one (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560; Bank of N.Y. v Arden, 140 AD3d 1099, 1100), and there is no indication in the record that an order was issued dismissing the action pursuant to 22 NYCRR 202.27 (see Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084). Moreover, the action was not subject to dismissal pursuant to CPLR 3216 (see CPLR 3216[a], [b][1]).
Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion to restore the action to the active calendar.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court