Bayview Loan Servicing, LLC v Mosbacher (2021 NY Slip Op 08160)





Bayview Loan Servicing, LLC v Mosbacher


2021 NY Slip Op 08160


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2016-13441
 (Index No. 10300/09)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Yehuda Mosbacher, et al., appellants.


Menashe & Associates LLP, Montebello, NY (Shoshana Schneider and David Lapa of counsel), for appellants.
Polsinelli, P.C., New York, NY (Robert H. King of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered August 11, 2016. The order and judgment of foreclosure and sale, insofar as appealed from, upon two orders of the same court, both dated December 17, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference, in effect, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated December 17, 2015, are modified accordingly.
The plaintiff commenced this action to foreclose a mortgage on real property located in Monsey. After joinder of issue, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. In two orders dated December 17, 2015, the Supreme Court, inter alia, granted those branches of the motion. Subsequently, in an order and judgment of foreclosure and sale entered August 11, 2016, the court, among other things, in effect, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property. The defendants appeal from the order and judgment of foreclosure and sale.
Contrary to the defendants' contention, this action was never formally dismissed upon the plaintiff's failure to appear at a status conference, as no order was issued directing dismissal of the action under 22 NYCRR 202.27 (see Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084). Since the action was not dismissed, the Supreme Court was not required to evaluate whether the plaintiff had a reasonable excuse for its failure to appear at the conference (see id. at 1084).
Nevertheless, the defendants correctly contend that the plaintiff failed to establish, [*2]as a matter of law, that it complied with RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019; Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Thus, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference should have been denied.
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court