Wynn v Wynn-Wright (2022 NY Slip Op 00466)





Wynn v Wynn-Wright


2022 NY Slip Op 00466


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-05175
 (Index No. 18690/04)

[*1]William H. Wynn, etc., et al., appellants,
v
Nina Wynn-Wright, et al., defendants, Household Finance Realty Corporation of New York, respondent.


McKinley Onua & Associates, PLLC, Brooklyn, NY (Nnenna Onua of counsel), for appellants.
Phillips Lytle LLP, Buffalo, NY (Preston L. Zarlock and Chad W. Flansburg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring a certain deed null and void, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated February 26, 2019. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to restore the action to the active calendar.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was to restore the action to the active calendar is granted.
The plaintiffs commenced this action, inter alia, for a judgment declaring a certain deed null and void. In November 2017, the plaintiffs moved, among other things, to extend their time to file a note of issue. Subsequently, this action was administratively dismissed on December 26, 2017, for failure to file a note of issue, and the plaintiffs' motion was "marked off" the calendar on January 10, 2018. On or about January 31, 2019, the plaintiffs moved, inter alia, to restore the action to the active calendar. In an order dated February 26, 2019, the Supreme Court denied the plaintiffs' motion on the ground that they had failed to move to restore the action within the one-year time limit of CPLR 3404. The plaintiffs appeal.
CPLR 3404 does not apply to this pre-note of issue action (see Guillebeaux v Parrott, 188 AD3d 1017, 1017; Finamore v David Ullman, P.C., 179 AD3d 642, 644). Since the action could not properly be marked off pursuant to CPLR 3404, the plaintiffs were "not required to move to restore within any specified time frame" (Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560; see Bank of N.Y. v Arden, 140 AD3d 1099, 1100). Further, there was neither a 90-day demand pursuant to CPLR 3216 (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560; Islam v Destefano, 176 AD3d 1189, 1190; see also HSBC Bank USA, N.A. v Garnes, 186 AD3d 1620), nor an order dismissing the action pursuant to 22 NYCRR 202.27 (see U.S. Bank N.A. v Salem, 191 AD3d 921, 922; Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560).
The parties' remaining contentions need not be reached in light of our determination, are without merit, or are not properly before this Court.
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was to restore the action to the active calendar.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court