Fifth Third Mtge. Co. v Schiro (2022 NY Slip Op 06689)

Fifth Third Mtge. Co. v Schiro

2022 NY Slip Op 06689

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-06992
 (Index No. 101379/15)

[*1]Fifth Third Mortgage Company, appellant, 
v
Anthony Schiro, respondent.

Relin, Goldstein & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando and Rebecca L. Konst], of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Andrea J. Caruso of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 11, 2020. The order denied the plaintiff's motion to restore the action to the court's calendar.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to restore the action to the court's calendar is granted.
On November 15, 2005, the defendant executed an adjustable rate note (hereinafter the note) in the sum of $124,000 in favor of the plaintiff, which was secured by a mortgage on certain real property. The defendant allegedly defaulted on his obligations under the note. On September 22, 2015, the plaintiff commenced this action to recover on the note. The defendant interposed an answer to the complaint.
Thereafter, the Supreme Court scheduled a preliminary conference for December 5, 2016, which was adjourned to December 12, 2016. In an order dated December 12, 2016, the Supreme Court indicated that counsel for the plaintiff had failed to appear for the court-ordered conferences on December 5, 2016, and December 12, 2016, marked the case off the calendar, and directed that the plaintiff "may restore [the] action to the calendar by motion." Subsequently, the plaintiff moved to restore the action to the court's calendar in a motion that was returnable on December 4, 2019. However, the plaintiff's attorney failed to appear on that date
In January 2020, the plaintiff again moved to restore the action to the court's calendar. In an order dated March 11, 2020, the Supreme Court denied the motion, determining that it was untimely. The plaintiff appeals.
Where, as here, the case was marked "inactive" before a note of issue had been filed, there was no 90-day notice pursuant to CPLR 3216, and there was no order directing dismissal of the complaint pursuant to 22 NYCRR 202.27 for failure to appear at a compliance conference, "'restoring a case marked "inactive" is automatic'" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, [*2]620, quoting Andre v Bonetto Realty Corp., 32 AD3d 973, 975). Under these circumstances, a motion to restore the action to the calendar should be granted "'without considering whether the plaintiff had a reasonable excuse for the delay or whether [it] engaged in dilatory conduct'" (Wells Fargo Bank, NA v Oziel, 196 AD3d at 620, quoting Reed v Cornell Univ., 101 AD3d 840, 842; see Andre v Bonetto Realty Corp., 32 AD3d at 975). Moreover, since this action was pre-note of issue and could not properly be marked off the calendar pursuant to CPLR 3404, the plaintiff was not required to move to restore the action to the calendar within any specified time frame (see Wynn v Wynn-Wright, 201 AD3d 1017, 1017; Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560). Thus, contrary to the Supreme Court's determination, the plaintiff's motion was not untimely. Accordingly, the court should have granted the plaintiff's motion to restore the action to the court's calendar.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court