Wells Fargo, N.A. v Parker (2022 NY Slip Op 06831)

Wells Fargo, N.A. v Parker

2022 NY Slip Op 06831

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03162
 (Index No. 3655/08)

[*1]Wells Fargo, National Association, etc., respondent,
v
Shakia Parker, et al., defendants, Joyce Prince, appellant.

Petroff Amshen LLP, Booklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joyce Prince appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 6, 2019. The order granted that branch of the plaintiff's motion which was, in effect, to restore the action to the court's calendar.
ORDERED that the order is affirmed, with costs.
In November 2006, the defendant Shakia Parker executed a note in the amount of $500,000 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Brooklyn. In January 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, Joyce Prince, who was alleged to have an interest in or lien upon the mortgaged premises.
A printout from the eCourts website indicates that the action was marked "dismissed" on January 23, 2019. In June 2019, referring to that printout, the plaintiff moved, inter alia, for an order "vacating the dismissal and restoring [the] action to the Court's active Calendar." According to an affirmation submitted by Prince's attorney in opposition to the motion, the matter had been "placed on the calendar for the Non-Jury Trial Readiness Part on January 23, 2019. Plaintiff failed to appear, and this matter was dismissed." It is undisputed that no order dismissing the action was issued by the Supreme Court in connection with the plaintiff's failure to appear on January 23, 2019.
In an order dated November 6, 2019, the Supreme Court granted that branch of the plaintiff's motion which was to "vacate and restore," concluding that the plaintiff had proffered a reasonable excuse for its default. Prince appeals, and we affirm, albeit on a different ground.
On appeal, Prince contends that the plaintiff's motion should have been denied because the plaintiff failed to demonstrate a reasonable excuse for its default in appearing in court on January 23, 2019. In response, the plaintiff contends that, since the Supreme Court never issued an order dismissing the action based on that default in appearing, it was entitled to have the action restored to the court's calendar without demonstrating a reasonable excuse for its default. Yet, in the motion papers it submitted to the court, the plaintiff indicated that the requirements of CPLR 5015(a)(1) were applicable and argued that it had satisfied them by demonstrating a reasonable excuse for its default and the existence of a potentially meritorious cause of action. This, however, does not prevent this Court from applying the proper legal standard in determining this appeal. To [*2]the extent that the plaintiff can be regarded as raising an issue for the first time on appeal, the legal standard to be applied in determining its motion constitutes an issue of law appearing on the face of the record that could not have been avoided if it had been raised at the proper juncture (see Countrywide Bank, FSB v Singh, 173 AD3d 673, 675; Matter of 200 Cent. Ave., LLC v Board of Assessors, 56 AD3d 679, 680; Chrostowski v Chow, 37 AD3d 638, 639; Beepat v James, 303 AD2d 345, 346; cf. Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476; see generally Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
When a plaintiff fails to appear at a scheduled conference or call of the calendar, "the judge may note the default on the record and enter an order" dismissing the action or such other order as appears just (22 NYCRR 202.27). When an order of dismissal is entered pursuant to 22 NYCRR 202.27, the plaintiff may be relieved of its default only if it demonstrates a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; 126 Henry St., Inc. v Cater, 197 AD3d 598, 600; Campbell v TPK Heating, Ltd., 181 AD3d 642). Here, however, even if the entry in the eCourts website established that the Supreme Court "note[d] the default on the record" (22 NYCRR 202.27), the court did not "enter an order" (id.), and thus, despite the eCourts notation, the action was not actually dismissed (see Bayview Loan Servicing, LLC v Mosbacher, 191 AD3d 936, 936-937; Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084). Since the action was not dismissed, the plaintiff was entitled to have the action restored to the court's calendar without regard to whether it had a reasonable excuse for failing to appear in court on January 23, 2019 (see Bayview Loan Servicing, LLC v Mosbacher, 191 AD3d at 937; Wells Fargo Bank, N.A. v Drago, 170 AD3d at 1084). Accordingly, that branch of the plaintiff's motion which was, in effect, to restore the action to the court's calendar was properly granted.
The plaintiff's remaining contention is without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court