OneWest Bank, FSB v Segal (2023 NY Slip Op 06146)

OneWest Bank, FSB v Segal

2023 NY Slip Op 06146

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-05186
 (Index No. 2093/11)

[*1]OneWest Bank, FSB, appellant, 
v
Lilly Segal, etc., respondent, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Kenneth M. Sheehan of counsel), for appellant.
Berg & David, PLLC, Inwood, NY (Yehuda C. Morgenstern and Abraham David of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated February 3, 2020. The order denied the plaintiff's motion, in effect, to restore the action to the active calendar and to extend the time to file a note of issue.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, in effect, to restore the action to the active calendar and to extend the time to file a note of issue is granted.
On January 28, 2011, the plaintiff commenced this action against the defendant Lilly Segal (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Brooklyn. The defendant interposed an answer to the complaint. In an order dated February 20, 2014, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
In an order dated June 14, 2017, the Supreme Court, among other things, granted that branch of the defendant's motion which was to vacate the order dated February 20, 2014, and, thereupon, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant. The court directed the plaintiff to file a note of issue within 90 days. On June 20, 2017, the defendant served the plaintiff with various discovery demands. Thereafter, the plaintiff filed a note of issue, and the defendant moved to vacate the note of issue. In an order dated November 22, 2017, the court directed the plaintiff to respond to the defendant's discovery demands by December 22, 2017, and to appear for a deposition on or before January 22, 2018. The court advised that the plaintiff's failure to abide by those directives would result in the vacatur of the note of issue.
In March 2018, the defendant again moved to vacate the note of issue. In an order dated April 11, 2018, the Supreme Court granted the defendant's motion, finding that the plaintiff failed to comply with the order dated November 22, 2017. The court set a new deposition date of May 8, 2018, and advised that if the plaintiff failed to submit a witness for a deposition on that date, [*2]the complaint would be dismissed. The court directed the plaintiff to file a note of issue by June 29, 2018.
In an order dated June 26, 2018, denominated a "FINAL PRE-NOTE ORDER," the Supreme Court again directed the plaintiff to file a note of issue on or before June 29, 2018. The court directed the defendant to serve supplemental discovery demands on or before July 6, 2018, and directed the plaintiff to serve responses thereto on or before August 17, 2018. The court warned that the terms of the order "supercede [sic] the provisions of all prior orders" and that "FAILURE TO STRICTLY COMPLY WITH THIS ORDER, WITHOUT LEAVE OF THE COURT, WILL RESULT IN PRECLUSION, THE STRIKING OF A PLEADING AND/OR SANCTIONS AS MAY BE APPROPRIATE."
On June 29, 2018, the plaintiff served a note of issue but failed to file the note of issue with the Kings County Clerk's Office. The action was marked disposed on July 2, 2018, for failure to file a note of issue by June 29, 2018. Approximately one year later, on June 27, 2019, the plaintiff, by its new attorneys, attempted to file a note of issue, but the document was rejected on the ground that the action was marked disposed on July 2, 2018, for failure to file a note of issue by June 29, 2018.
In September 2019, the plaintiff moved, in effect, to restore the action to the active calendar and to extend the time to file a note of issue. In support, the plaintiff argued, inter alia, that it had a reasonable excuse for its failure to file a note of issue by June 29, 2018, based on law office failure and that it had a meritorious cause of action. In an order dated February 3, 2020, the Supreme Court denied the motion. The plaintiff appeals.
"CPLR 3216 permits a court, on its own initiative, to dismiss an action for want of prosecution where certain conditions precedent have been complied with" (Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749 [internal quotation marks omitted]; see CPLR 3216; HSBC Bank USA, N.A. v Garnes, 186 AD3d 1620, 1620). Pursuant to CPLR 3216(b), an action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3] [emphasis omitted]; see Nationwide Capital Group, Inc. v Weiss, 170 AD3d 870, 871-872).
Here, the order dated June 26, 2018, which superseded the order dated April 11, 2018, directed the filing of a note of issue by June 29, 2018, but failed to provide the plaintiff with 90 days within which to comply with that directive. Thus, the order dated June 26, 2018, did not constitute a valid 90-day demand pursuant to CPLR 3216 (see Christiano v Heatherwood House at Holbrook II, LLC, 185 AD3d 778, 779; Wollman v Berliner, 29 AD3d 786, 786; cf. Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818). Moreover, the order dated June 26, 2018, did not contain the requisite language advising that failure to file a note of issue would be the basis for a motion to dismiss (see HSBC Bank USA, N.A. v Garnes, 186 AD3d at 1620; Rosenfeld v Schneider Mitola LLP, 175 AD3d 1576, 1577; U.S. Bank N.A. v Spence, 175 AD3d 1346, 1348).
Additionally, the record shows that the action was ministerially dismissed, without a motion or notice to the parties, and without the entry of a formal order of the Supreme Court directing dismissal of the action (see Cadichon v Facelle, 18 NY3d at 235-236; Onewest Bank, FSB v N & R Family Trust, 200 AD3d 900, 902; HSBC Bank USA, N.A. v Garnes, 186 AD3d at 1620; Rosenfeld v Schneider Mitola LLP, 175 AD3d at 1577; U.S. Bank N.A. v Spence, 175 AD3d at 1348). Under these circumstances, the action should have been restored to the active calendar without considering whether the plaintiff had a reasonable excuse for its delay in complying with the order dated June 26, 2018 (see Wells Fargo, N.A. v Parker, 210 AD3d 1128, 1130; Onewest Bank, FSB v N & R Family Trust, 200 AD3d at 902; Bayview Loan Servicing, LLC v Mosbacher, 191 AD3d 936, 936-937; Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084).
Although the plaintiff's contentions in these regards are raised for the first time on appeal, they may be reached, as they involve issues of law appearing on the face of the record that could not have been avoided if they had been raised at the proper juncture (see Wells Fargo, N.A. v Parker, 210 AD3d at 1129). Contrary to the defendant's contention, the record on appeal is not incomplete, as it contains all of the papers submitted to the Supreme Court on the plaintiff's motion, in compliance with CPLR 5526 (see Deutsche Bank Natl. Trust Co. v Musheyev, 203 AD3d 1027, 1028-1029).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, to restore the action to the active calendar and to extend the time to file a note of issue.
BARROS, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court