Rosario v Scudieri (2024 NY Slip Op 03769)

Rosario v Scudieri

2024 NY Slip Op 03769

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-01987
 (Index No. 707918/16)

[*1]Abel Rosario, Jr., appellant, 
v
Robert Scudieri, respondent.

Stuart R. Lang, Brooklyn, NY, for appellant.
Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 26, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to restore the action to the active calendar.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to restore the action to the active calendar is granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a collision between his bicycle and a vehicle operated by the defendant near the intersection of Myrtle Avenue and Union Turnpike in Queens. Pursuant to a compliance conference order dated April 5, 2017, the plaintiff was required to file a note of issue on or before December 8, 2017. The plaintiff did not file a note of issue by that date, and the action was marked "inactive."
In November 2022, the plaintiff moved, inter alia, to restore the action to the active calendar. By order entered January 26, 2023, the Supreme Court denied the plaintiff's motion without prejudice to renewal "upon proper papers," including an affirmation detailing the reasons for the delay in moving for the relief requested. The plaintiff appeals from so much of the order as denied that branch of his motion which was to restore the action to the active calendar.
Where, as here, a plaintiff has failed to file a note of issue by a court-ordered deadline, restoration of the action to the active calendar is automatic, unless either a 90-day notice has been served pursuant to CPLR 3216 or there has been an order directing dismissal of the complaint pursuant to 22 NYCRR 202.27 (see Rosario v Cummins, 222 AD3d 897, 897; Fifth Third Mtge. Co. v Schiro, 210 AD3d 953, 954). Under these circumstances, a motion to restore the action to the calendar should be granted "without considering whether the plaintiff had a reasonable excuse for the delay or whether [he] engaged in dilatory conduct" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 620 [internal quotation marks omitted]; see Fifth Third Mtge. Co. v Schiro, 210 AD3d at 954). "Moreover, since this action was pre-note of issue and could not properly be marked off the calendar [*2]pursuant to CPLR 3404, the plaintiff was not required to move to restore the action to the calendar within any specified time frame" (Fifth Third Mtge. Co. v Schiro, 210 AD3d at 954; see Wynn v Wynn-Wright, 201 AD3d 1017, 1018).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to restore the action to the active calendar.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court