HSBC Mtge. Corp. (USA) v Gewirtz (2025 NY Slip Op 00653)

HSBC Mtge. Corp. (USA) v Gewirtz

2025 NY Slip Op 00653

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04190
 (Index No. 764/09)

[*1]HSBC Mortgage Corporation (USA), respondent,
v
Edward N. Gewirtz, appellant, et al., defendants.

Bronstein, Gewirtz & Grossman, LLC, New York, NY (Edward N. Gewirtz pro se of counsel), for appellant.
Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Edward N. Gewirtz appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 24, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate a conditional order of dismissal of the same court dated December 10, 2013, and to restore the action to the active calendar.
ORDERED that the order dated February 24, 2023, is affirmed insofar as appealed from, with costs.
In January 2009, the plaintiff commenced this action to foreclose a mortgage, alleging that the defendant Edward N. Gewirtz (hereinafter the defendant) defaulted on his monthly payments due under the subject note and mortgage. The defendant answered the complaint. By order dated December 10, 2013 (hereinafter the conditional order of dismissal), the Supreme Court directed dismissal of the complaint pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days. In May 2014, the conditional order of dismissal was filed. On September 14, 2017, the mortgage was assigned to U.S. Bank Trust, N.A. In January 2023, the plaintiff moved, inter alia, to vacate the conditional order of dismissal and to restore the action to the active calendar. By order dated February 24, 2023, the court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.
It is evident from the record that the action was ministerially dismissed without a motion or notice to the plaintiff, and there was no order of the Supreme Court dismissing the action (see Cadichon v Facelle, 18 NY3d 230, 236; Onewest Bank, FSB v N & R Family Trust, 200 AD3d 900, 901-902). Under these circumstances, the action was properly restored to the active calendar (see OneWest Bank, FSB v Segal, 221 AD3d 1020, 1022-1023; Onewest Bank, FSB v N & R Family Trust, 200 AD3d 900; HSBC Bank USA, N.A. v Garnes, 186 AD3d 1620, 1620-1621; U.S. Bank N.A. v Spence, 175 AD3d 1346, 1347-1348). Further, the post-commencement transfer of the note and mortgage did not divest the plaintiff of its standing (see CPLR 1018; JPMorgan Chase Bank, N.A. v Esparza, 213 AD3d 655, 657; GRP Loan, LLC v Taylor, 95 AD3d 1172, 1174).
The defendant's remaining contentions are either improperly raised for the first time [*2]on appeal or without merit.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court