Greenpoint Bank v Bavaro (2025 NY Slip Op 03310)

Greenpoint Bank v Bavaro

2025 NY Slip Op 03310

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-10766
 (Index No. 16906/04)

[*1]Greenpoint Bank, plaintiff, 
v
Theresa Bavaro, etc., appellant, et al., defendants; 171 Girard Notebuyer, LLC, nonparty-respondent.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Garfunkel Wild, P.C., Great Neck, NY (J. David Morrissy of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Theresa Bavaro appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 21, 2023. The order, insofar as appealed from, granted that branch of the motion of nonparty 171 Girard Notebuyer, LLC, as successor in interest to the plaintiff, which was to restore the action to the active calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2004, the plaintiff commenced this action against, among others, Elvira Sofia (hereinafter the borrower) to foreclose a mortgage on certain residential property located in Brooklyn. In an order dated March 2, 2005, the Supreme Court, inter alia, referred the matter to a referee to compute the amount due to the plaintiff and substituted Theresa Bavaro (hereinafter the appellant) in place of the defendant John Doe No. 1. Prior to the filing of a note of issue, the action was removed from the court's calendar after the plaintiff failed to appear at a status conference in January 2006, but the action was not formally dismissed by order pursuant to 22 NYCRR 202.27. The appellant was thereafter substituted for the borrower in her capacity as the administrator of the borrower's estate.
In January 2023, nonparty 171 Girard Notebuyer, LLC (hereinafter 171 Girard), as successor in interest to the plaintiff, moved, among other things, to restore the action to the active calendar. In an order dated March 21, 2023, the Supreme Court, inter alia, granted that branch of the motion. This appeal ensued.
The Supreme Court properly granted that branch of the motion of 171 Girard which was to restore the action to the active calendar. Contrary to the appellant's contentions, "[t]he action was never formally dismissed, as no order was issued dismissing the action under 22 NYCRR 202.27" (Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084; see Wells Fargo, N.A. v Parker, 210 AD3d 1128, 1130). Because the case was marked inactive before a note of issue had been filed, the case could not have been marked off the calendar pursuant to CPLR 3404 (see Matter of Transtechnology Corp. v Assessor, 71 AD3d 1034, 1036-1037). As there was no 90-day notice pursuant to CPLR 3216, and there was no order directing dismissal of the complaint pursuant to 22 [*2]NYCRR 202.27 for failure to appear at a compliance conference, "restoring a case marked 'inactive' is automatic" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 620 [internal quotation marks omitted]), and a motion to restore the action to the active calendar should be granted "without considering whether [171 Girard] had a reasonable excuse for the delay or whether [it] engaged in dilatory conduct" (id. [internal quotation marks omitted]; see Matter of Transtechnology Corp. v Assessor, 71 AD3d at 1036-1037). Further, contrary to the appellant's contention, "since this action was pre-note of issue and could not properly be marked off the calendar pursuant to CPLR 3404, [171 Girard] was not required to move to restore the action to the calendar within any specified time frame" (Fifth Third Mtge. Co. v Schiro, 210 AD3d 953, 954; see Wynn v Wynn-Wright, 201 AD3d 1017, 1018). The doctrine of laches does not provide a basis to dismiss the complaint since there was no service of a 90-day demand pursuant to CPLR 3216(b), and CPLR 3404 and 22 NYCRR 202.27 are inapplicable (see Guillebeaux v Parrott, 188 AD3d 1017, 1017; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 20).
Accordingly, the Supreme Court properly granted that branch of the motion of 171 Girard which was to restore the action to the active calendar.
In light of the foregoing, we need not reach the appellant's remaining contentions.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court