Simon v Bryski (2025 NY Slip Op 04033)

Simon v Bryski

2025 NY Slip Op 04033

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-09113
 (Index No. 7518/93)

[*1]Eric Simon, respondent, Rabbi 
v
Yaakov Bryski, defendant, Yeshiva Canoch Lenaar, appellant.

Cullen and Dykman LLP, New York, NY (Olivia M. Gross of counsel), for appellant.
William A. Thomas, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Yeshiva Canoch Lenaar appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 24, 2024. The order granted the plaintiff's motion to restore the action to the active calendar.
ORDERED that the order is affirmed, with costs.
In 1993, the plaintiff commenced this action against the defendant Rabbi Yaakov Bryski (hereinafter the Rabbi) and the defendant Yeshiva Canoch Lenaar (hereinafter the Yeshiva), alleging that from approximately 1983 to 1985, while he was a student at the Yeshiva, he was sexually abused by the Rabbi. In an order dated June 11, 1999, the Supreme Court granted the defendants' motion to dismiss the complaint as time-barred. In a decision and order dated December 4, 2000, this Court affirmed (see Simon v Bryski, 278 AD2d 224).
In an order dated March 12, 2020, the Supreme Court granted the plaintiff's motion to restore this action purportedly pursuant to the Child Victims Act (see CPLR 214-g). In May 2023, the action was removed from the court's calendar upon the plaintiff's failure to appear at a status conference, but the action was not formally dismissed by order pursuant to 22 NYCRR 202.27. Thereafter, the plaintiff moved to restore the action to the active calendar. By order dated July 24, 2024, the Supreme Court granted the plaintiff's motion. The Yeshiva appeals.
Contrary to the Yeshiva's contention, the Supreme Court properly granted the plaintiff's motion to restore the action to the active calendar. The action was never formally dismissed, as no order was issued directing dismissal of the action under 22 NYCRR 202.27 (see Greenpoint Bank v Bavaro, _____ AD3d _____, 2025 NY Slip Op 03310; Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084). Accordingly, "restoring a case marked inactive is automatic" (Wells Fargo Bank, NA v Oziel, 196 AD3d 618, 620 [internal quotation marks omitted]), and the plaintiff was not required to establish a reasonable excuse for failing to appear at the status conference (see Wells Fargo, N.A. v Parker, 210 AD3d 1128, 1130; Bayview Loan Servicing, LLC v Mosbacher, 191 AD3d 936, 936).
The parties' remaining contentions are either without merit or not properly before this [*2]Court.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court