Tarasiuk v Levoritz (2025 NY Slip Op 04592)

Tarasiuk v Levoritz

2025 NY Slip Op 04592

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11753
 (Index No. 509527/18)

[*1]Aliaksei Tarasiuk, appellant, 
v
Yonatan S. Levoritz, et al., respondents, et al., defendant.

Bogoraz Law Group, P.C., Brooklyn, NY (William J. Lawlor III of counsel), for appellant.
Alexander T. Shapiro & Associates, P.C., New York, NY (Stewart B. Greenspan of counsel), for respondent Yonatan S. Levoritz.
Cartafalsa, Turpin & Lenoff, New York, NY (Mikhail Pinkusovich of counsel), for respondents RFR Holding Corporation, RFR Holding, LLC, RFR Realty, LLC, and 17 State Owner, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated September 29, 2023. The order denied the plaintiff's motion to restore the action to the active calendar.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion to restore the action to the active calendar is granted.
In May 2018, the plaintiff commenced this action against the defendant Yonatan S. Levoritz, asserting, inter alia, in effect, a cause of action to recover damages for assault and battery based on an incident that occurred in August 2017. The plaintiff thereafter filed an amended complaint naming additional defendants, who allegedly negligently caused the incident to occur. On April 14, 2022, the Supreme Court issued a compliance conference order, which, among other things, directed the plaintiff to file a note of issue on or before March 24, 2023. The plaintiff, however, failed to file a note of issue by that date. On April 4, 2023, the court marked the action as "disposed."
The plaintiff subsequently moved to restore the action to the active calendar in a motion that was returnable on May 10, 2023. However, the plaintiff failed to appear on that date, and, as a result, the Supreme Court denied the motion. Thereafter, in June 2023, the plaintiff again moved to restore the action to the active calendar. By order dated September 29, 2023, the court denied the plaintiff's motion. The plaintiff appeals.
"When a plaintiff has failed to file a note of issue by a court-ordered deadline, restoration of the action to the active calendar is automatic, unless either a 90-day notice has been served pursuant to CPLR 3216 or there has been an order directing dismissal of the complaint [*2]pursuant to 22 NYCRR 202.27" (Rosario v Cummins, 222 AD3d 897, 897; see Wynn v Wynn-Wright, 201 AD3d 1017, 1018). "Under these circumstances, a motion to restore the action to the calendar should be granted without considering whether the plaintiff had a reasonable excuse for the delay or . . . engaged in dilatory conduct" (Rosario v Scudieri, 229 AD3d 573, 574 [internal quotation marks omitted]). Further, "CPLR 3404 d[oes] not apply . . . to . . . pre-note of issue" actions (Insuasti v La Boom Disco, Inc., 209 AD3d 725, 726; see Santiago v City of New York, 206 AD3d 948, 950). "[S]ince this action was pre-note of issue and could not properly be marked off the calendar pursuant to CPLR 3404, the plaintiff was not required to move to restore the action to the calendar within any specified time frame" (Fifth Third Mtge. Co. v Schiro, 210 AD3d 953, 954).
Accordingly, the Supreme Court should have granted the plaintiff's motion to restore the action to the active calendar (see Rosario v Scudieri, 229 AD3d at 574-575; Fifth Third Mtge. Co. v Schiro, 210 AD3d at 954).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court