Khanam v Bank of Am., N.A. (2025 NY Slip Op 04713)

Khanam v Bank of Am., N.A.

2025 NY Slip Op 04713

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-04124
 (Index No. 705623/23)

[*1]Khadiza Khanam, appellant,
v
Bank of America, National Association, etc., respondent, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated February 9, 2024. The order granted the motion of the defendant Bank of America, National Association, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
In 2006, the plaintiff's predecessor in interest executed a mortgage encumbering certain real property located in Queens, and that mortgage allegedly was assigned to LaSalle Bank, N.A. (hereinafter LaSalle). In June 2008, LaSalle commenced an action to foreclose the mortgage (hereinafter the foreclosure action). In October 2008, LaSalle merged into the defendant Bank of America, National Association (hereinafter the Bank). In November 2014, while the foreclosure action was still in a pre-note of issue status, the action was administratively marked "dismissed" due to the Bank's failure to appear for a status conference. Thereafter, the Bank moved on multiple occasions to vacate the dismissal of the foreclosure action and to restore the foreclosure action to the active calendar, each of which was denied. In 2022, title to the subject property was transferred to the plaintiff.
In March 2023, the plaintiff commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In June 2023, the Bank moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated February 9, 2024, the Supreme Court granted the Bank's motion. The plaintiff appeals.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Cohen v Deutsche Bank Natl. Trust Co., 229 AD3d 758, 759-760). "Because the expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501(4), the existence of a pending foreclosure action precludes a[n] RPAPL 1501(4) action" (Smith v Bank of N.Y. Mellon, 237 AD3d 1128, 1129).
When a plaintiff fails to appear at a scheduled conference or call of the calendar, and the case is in a pre-note of issue stage, "the judge may note the default on the record and enter an order" dismissing the action or such other order as appears just (22 NYCRR 202.27; see Wells Fargo, N.A. v Parker, 210 AD3d 1128, 1130; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17; Lopez v Imperial Delivery Serv., 282 AD2d 190, 198-199). However, where, as here, the judge merely "note[s] the default on the record," but does not "enter an order" (22 NYCRR 202.27), the action is "not actually dismissed" (Wells Fargo, N.A. v Parker, 210 AD3d at 1130). Thus, "despite the administrative marking of the foreclosure action as [dismissed], the foreclosure action was never dismissed or discontinued by court order or stipulation, and . . . it remains pending" (Pena v Deutsche Bank Natl. Trust Co., 192 AD3d 697, 698; see CPLR 3217).
Accordingly, the Supreme Court properly granted the Bank's motion pursuant to CPLR 3211(a) dismiss the complaint insofar as asserted against it.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court